## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLANDO BAEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PRISON HEALTH SERVICES, INC.,** | : | **No. 06-4923** |
| **JEFFREY BEARD, SEC'Y, PENNSYLVANIA** | : | |
| **DEPT. OF CORRECTIONS, DAVID** | : | |
| **DIGUGLIELMO, SUPT., SCI GRATERFORD,** | : | |
| **JULIE KNAUER, DR. FELIPE ARIAS, DR.** | : | |
| **KOSERIOWSKI, DR. STEFANIC, and DR.** | : | |
| **EAKIN.** | : | |

### MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                      **AUGUST 27, 2009**

Plaintiff, Orlando Baez, a prisoner incarcerated at SCI-Greene, filed a <u>pro se</u> § 1983

action, alleging deliberate indifference to his medical needs in violation of the Fourteenth and

Eighth Amendments to the United States Constitution, against prison officials and medical

personnel at SCI-Greene and SCI-Graterford.  Plaintiff has filed a Motion for Reconsideration

("Plaintiff's Motion", paper no. 110) of orders granting counsel permission to withdraw and

severing and transferring the action against defendants at SCI-Greene to the United States

District Court for the Western District of Pennsylvania ("Western District").  The court will deny

plaintiff's motion.

## I.    PROCEDURAL HISTORY

Plaintiff is a prisoner previously incarcerated at SCI-Graterford and currently incarcerated

at SCI-Greene.  On December 18, 2006, plaintiff filed this <u>pro se</u> § 1983 action.[1]  On March 24,

---

[1]Plaintiff also alleges repeated mistreatment at the hands of prison officials and medical
personnel, mostly at SCI-Greene, partly in retaliation for his lawsuit and his insistence that he is
not receiving proper medical care.  These allegations form much of the grounds for plaintiff's

2008, plaintiff filed a Motion for an Immediate Injunction (paper no. 61) requiring defendants to provide him with medical care for lupus and gastrointestinal bleeding.  On July 22, 2008, plaintiff filed a counseled amended complaint (paper no. 77).

The amended complaint divides the named defendants into those alleged to have violated plaintiff's civil rights during his incarceration at SCI-Graterford ("Graterford defendants") and those alleged to have done so while he was at SCI-Greene ("Greene defendants").  The Graterford defendants are:  Prison Health Services, Inc.; Jeffrey Beard, Secretary of the Pennsylvania Dept. of Corrections; David DiGuglielmo, Superintendant of SCI-Graterford; Julie Knauer, Dr. Felipe Arias; Dr. Koseriowski; Dr. Stefanic; and Dr. Eakin.  The Greene defendants are:  Louis Folino, Dr. Stanley Falor, Diane Mason, Shirley Hickman, Dr. Abimbola Talabi, Sharon Burks, Dr. Byunchak Jin, Debra Gress, and Michelle Diggs.

In its Memorandum and Order of May 4, 2009 (paper nos. 98, 99), the court denied plaintiff's Motion for an Immediate Injunction.  On July 23, 2009, the court granted counsel's Petition to Withdraw, and ordered the action against the Greene defendants transferred to the Western District (paper nos. 107 and 108, respectively).[2]  Before the court is plaintiff's Motion

---

present contention that depriving him of counsel was manifestly unjust.  See Plaintiff's Motion, passim.  Although these allegations are not yet within the scope of this action, plaintiff may request leave to file a second amended complaint including prisoner abuse and retaliation claims; plaintiff may request similar leave in the Western District as well.

[2]Michelle Diggs was mistakenly omitted from the court's July 23, 2009 order transferring the action against the Greene defendants to the Western District.  By Order of the Court of August 20, 2009 (paper no. 111), this was corrected.  Plaintiff's Motion for Reconsideration was filed on August 6, 2009, before the court's error was corrected; the court will treat plaintiff's motion as if it were also challenging the court's August 20 order.

for Reconsideration of the court's July 23, 2009 orders.[3]

###### A.    Motion to Transfer

A Motion to Transfer to the United States District Court for the Western District of Pennsylvania was first filed in this action on January 25, 2007 (Paper no. 14).  The motion was filed by defendants John McAnany, M.S. Reese, Louis Folino, Diane Thomas, Dan Davis, Brenda Martin, Mary Balestrieri, Tammy Hooker, and Robert Dietz.[4]  Other defendants located at SCI-Greene joined the Motion to Transfer:  Stanley Falor, MD; Shirley Hickman; Michelle Diggs; Nancy Ziegler; Abimbola Talabi, M.D.; Byunghak Jin, M.D.; and Debra Gress.  In support of their motion, these defendants claimed that: they were all located in the Western District; plaintiff's complaints against them concerned events alleged to have occurred within the Western District; and all of the documentary evidence and witnesses needed for trial were likewise within the Western District.

By Order of the Court of July 23, 2009 (paper no. 108), the action against the Greene defendants was transferred to the Western District.[5]

---

[3]The court issued a third order on July 23, 2009 (paper no. 109) denying a Motion to Transfer the original complaint as moot in light of the court's order the same day.  Plaintiff has not moved for this order's reconsideration.  All references to the July 23, 2009 orders are solely in reference to paper nos. 107 and 108.

[4]The court granted this motion on March 6, 2007 (paper no. 18).  On March 14, 2007, plaintiff wrote to the court complaining that he had never received a copy of the motion to object, and that he was without counsel (paper no. 19); the court treated plaintiff's letter as a motion for reconsideration.  By Order of the Court of March 19, 2007 (paper no. 20), the order of March 6 was vacated and the action was placed in administrative suspense pending the appointment of counsel.

[5]See supra, n. 2.
The court issued an order on July 23, 2009 (paper no. 109) denying the prior Motion to Transfer the original complaint as moot.

**B.**     **Counsel's Petition to Withdraw**

Samuel Stretton, Esq., was appointed counsel on plaintiff's behalf on October 10, 2007. Counsel, petitioning to withdraw on February 18, 2008, cited a deterioration of attorney-client trust (paper no. 57); the court granted his petition on February 29, 2008 (paper no. 59).

On April 23, 2008, the court appointed Angus R. Love, Esq., from the Institutional Law Project ("ILP"), as counsel for plaintiff.  Mr. Love's ILP colleagues, Marybeth Walsh, Esq., and Jennifer Tobin, Esq., entered appearances on plaintiff's behalf as well (paper nos. 67 and 66, respectively).  The ILP filed an amended complaint (paper no. 77), and litigated the Motion for an Immediate Injunction that plaintiff had filed on March 24, 2009, before counsel's appointment.

On May 8, 2009, following the court's denial (see papers no. 98, 99, filed on May 4, 2009) of plaintiff's motion for an Immediate Injunction, the ILP filed a Petition to Withdraw as plaintiff's counsel (paper no. 100).  At plaintiff's request, a videoconference was held on July 20, 2009, to allow plaintiff an opportunity to oppose counsel's petition to withdraw.  At the hearing, plaintiff demonstrated ample command of the allegations of this action, and expressed strong views on how his suit should proceed; these views were inconsistent with the advice of his counsel.

By Order of the Court of July 23, 2009 (paper no. 107), the petition to withdraw was granted so that plaintiff is again pro se.  In its order, the court found that "[t]he burden to plaintiff's counsel in forcing them to continue the representation is greater than the prejudice to the plaintiff because of plaintiff's knowledge of the proceedings, his strongly held views how to proceed, and his ability to proceed pro se."  The court referred plaintiff to its pro se panel to help

-4-

him find new counsel in the Eastern District, and recommended that counsel be found to assist

him in the Western District as well.

## II.    DISCUSSION

Reconsideration serves to correct manifest errors of law or fact.  Harsco Corp. v.

Zlotnicki, 779 F.2d 906 (3d. Cir. 1985).  A court should grant a motion for reconsideration only if

there is:  1) newly available evidence; 2) an intervening change in controlling law; or 3) a need to

correct a clear error of fact or to prevent manifest injustice.  Haymond v. Lundy, 205 F. Supp. 2d

390, 395 (E.D. Pa. 2002).  "Motions for reconsideration are not to be used to reargue or relitigate

matters already decided."  Id.  Plaintiff challenges neither of the court's orders on the basis of

change of law or newly available evidence.  Plaintiff challenges the order transferring the action

against the Greene defendants to the Western District as legally erroneous, and challenges both

orders as manifestly unjust.

### A.    Transfer to the Western District – Legally Erroneous

Plaintiff seeks the court's reconsideration of its order transferring the action against

defendants who allegedly committed civil rights violations during his incarceration at SCI-

Greene, to the Western District of Pennsylvania.

Plaintiff argues that the court's order changing venue was erroneous as a matter of law for

three reasons.  First, his mistreatment by prison and medical staff started while he was

incarcerated at Graterford, and what happened at Greene is merely a continuation of the same

pattern of abuse.  Severance was not justified because it would require litigating the same issues

in two districts instead of one.  Plaintiff's Motion, pp. 2-3.  Second, he filed here, and his forum

choice is dispositive.  Id., p. 3.  Third, the Greene defendants have not justified transfer to the

Western District.

> 9.) The Plaintiff advise [sic] this court that since a substantial part of plaintiff's civil rights case occurred at the Graterford facility, and only to be 'deliberately carried over as an act of retaliation to the Greene facility,' upon plaintiff's transfer from Graterford to Greene.  This honorable Court is the appropriate venue in which this action could and must be filed.
> 10.) In any event, there is no "proper justification" to support a change of venue in this case – merely because some of the defendants may reside in another part of the State is still not an exclusive grounds for improper venue.  The Plaintiff Mr. Baez alleges that the defendants has [sic] not meet its burden of establishing the need for transfer.

Id., pp. 2-3 (citation omitted).

The Eastern District is a proper venue for the entire action, as all defendants reside in Pennsylvania.  28 U.S.C. § 1391(b).[6]  However, even if venue is proper, the court may, upon motion or sua sponte, transfer the action or a part of the action, "[f]or the convenience of parties and witnesses and in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

When deciding not whether venue is improper under § 1391(b) and therefore transferrable under 28 U.S.C. § 1406, but whether to transfer venue under § 1404(a), a court should not limit itself solely to the factors enumerated in § 1404(a), but should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995).  Jumara presents a non-exhaustive set of factors guiding a decision on whether to transfer; these factors relate to the "private interest" of the parties and witnesses, and

---

[6]Had plaintiff filed his claims against the Greene defendants only, venue would not lie in the Eastern District, as none of the defendants would reside here and none of the events underlying plaintiff's claim would have occurred here.  28 U.S.C. § 1391(b).

the "public interest" of the courts and the administration of justice.  Id.

The private interest factors include:  1) plaintiffs' forum choice; 2) where the defendant seeks to transfer; 3) where the claim arose; 4) which venue would better serve the convenience of the parties and the witnesses; and 5) the location of documentary evidence.  Id.  The public interest factors include:  1) enforceability of the judgment; 2) where trial is more likely to be efficient; 3) which venue suffers from less court congestion; 4) any significant local interest in the controversy; and 5) the trial judge's familiarity with the applicable state law.  Id.

Plaintiff argues that the court's order to transfer the action against the Greene defendants to the Western District was erroneous in light of Jumara:  1) plaintiff's choice of forum should not be disturbed; and 2) the defendant has not met its burden of establishing the need for transfer. Plaintiff's reliance on Jumara is inapposite.  While plaintiff's choice of forum bears great weight, it is not solely dispositive, especially when the events underlying plaintiff's claims against the Greene defendants occurred in the Western District.  See Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 200-201 (E.D. Pa. 2008).  More Jumara factors favor transfer of the action against the Greene defendants;[7] only one, plaintiff's choice of forum, counsels against transfer.

The court is not convinced that the claims against the Greene defendants are so inextricably intertwined with those against the Graterford defendants that it would be impractical,

---

[7]They are:  1) the Greene defendants's choice of the Western District as the forum; 2) the fact that the claims arose at SCI-Greene within the Western District; 3) the Greene defendants reside in the Western District; 4) the witnesses, and the documentary evidence are almost all in the Western District; and 5) trial will most likely be more efficient in the Western District (for all of the previous reasons); the action against the Greene defendants is best handled within the Western District.  The other Jumara factors (the enforceability of any judgment, differences in the levels of court congestion between the Eastern and Western Districts, local interest in the controversy, and differences in state law) are either unknown or not relevant, and do not enter into the court's decision.

duplicative, inefficient, or unjust to try them separately.  Plaintiff insists that "partial transfer" would require the same issues to be litigated twice.  Plaintiff's Motion, p. 4.  The law underlying plaintiff's claims against both the Graterford and Greene defendants is the same, but plaintiff does not show how the material facts underlying the civil rights violations alleged to have been committed by the Graterford defendants are the same facts underlying allegations against the Greene defendants.  The allegations concern different events that happened in different prisons at different times, and were allegedly committed by different prison and health officials.

A substantial part of plaintiff's complaint concerns civil rights violations by prison personnel alleged to have occurred at Graterford.  This is why the court has retained the action against Graterford defendants.  Plaintiff has not shown why the court's order severing the action against the Greene defendants and transferring it to the Western District of Pennsylvania under 28 U.S.C. § 1404(a) was legally erroneous.

## 2.    Manifest Injustice

Plaintiff also charges that the court's July 23 orders collectively perpetrated a manifest injustice by depriving him of counsel and requiring him to litigate pro se in two separate districts when he is overwhelmed by illness and stress.

> 25.)  The plaintiff cannot (tried) two separate cases on his own which this court (knows) is true and by throwing Mr. Baez into the fire and to the wolves now without counsels, would be just another slap in the face and having no regards to Mr. Baez Constitutional Rights and Due Process of Law.

Plaintiff's Motion, p. 6.

The court's orders of July 23 did not perpetrate manifest injustice because:  1) plaintiff has no constitutional right to counsel for his civil rights complaint; 2) the court can not require

counsel to continue representing plaintiff against their will on the facts of this case; 3) plaintiff

has shown himself quite competent to advocate on his own behalf; and 4) requiring plaintiff to

litigate his claims against the Greene defendants in the Eastern District would be more difficult

for him and the defendants, and inefficient for the court.

There is no constitutional right to counsel in civil actions such as plaintiff's claim under §

1983. "**In all criminal prosecutions**, the accused shall . . . have the Assistance of Counsel for

his defence." U.S. Const., amend. VI (emphasis added). The court is authorized to appoint

counsel in a civil action for an indigent such as the plaintiff in this case, 28 U.S.C. § 1915(e)(1),

but such appointment is discretionary. Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The Thirteenth Amendment's prohibition of involuntary servitude may deprive the court

of the power to compel an attorney's continued representation of an indigent client in a civil

matter if the attorney's withdrawal is not otherwise illegal or contrary to professional ethics. See

U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash., 795 F.

2d 796, 801 (9th Cir. 1986) ("In our view, 28 U.S.C. § 1915(d) does not authorize appointment of

counsel to involuntary service.").

Plaintiff has demonstrated that he is quite competent and has strong opinions about how

his action should proceed. Both his prior counsel have requested permission to withdraw

because plaintiff has demonstrated an unwillingness to accept their representation and abide by

their recommendations. Recognizing plaintiff's preference for counsel, the court has referred

him to its pro se panel to help him find counsel in this action, and has recommended that counsel

be appointed for him in the Western District.

Allowing plaintiff to litigate his claims against the Greene defendants here would be

highly unfair to defendants and witnesses, and inefficient for the court.  The Greene defendants could not come into the Eastern District together for trial;[8] plaintiff would have to depose them by video, which is not as desirable as having them live in the courtroom.  Alternatively, defendants could come to the Eastern District one or two at a time; the trial could last for weeks and be a burden not only to plaintiff, but to the court and jurors.  If plaintiff were to try his case against the Greene Defendants in the Western Districts, defendants would all be local and the trial would be more efficient..

Plaintiff has not demonstrated that the court's July 23, 2009 orders granting counsel permission to withdraw and transferring the action against the Greene defendants to the Western district were manifestly unjust.

### III.    CONCLUSION

Plaintiff Orlando Baez has not shown why the court's orders of July 23, 2009, granting counsel's Petition to Withdraw and transferring the action against defendants at SCI-Greene to the Western District of Pennsylvania, were either legally erroneous or manifestly unjust.  Plaintiff's Motion for Reconsideration of these orders will be denied.

---

[8]This would be especially true were plaintiff to amend his complaint to include many claims of prisoner abuse and retaliation–it would be impractical to deprive SCI-Greene of numerous prison guards during the pendency of a trial in the Eastern District.